IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

EDGARDO L. BIBILONI DEL VALLE,

    Plaintiff,

    v.

THE COMMONWEALTH OF PUERTO
RICO, et al.,

    Defendants.

CIVIL NO. 07-1362 (RLA)

### ORDER DENYING MOTION TO DISMISS
### FILED BY THE COMMONWEALTH OF PUERTO RICO
### AND THE P.R. POLICE DEPARTMENT

The COMMONWEALTH OF PUERTO RICO ("COMMONWEALTH") and the P.R. POLICE DEPARTMENT ("PR-PD") have moved the court to dismiss the monetary damages claims asserted against them under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, 2000e-3(a), pursuant to the immunity afforded by the Eleventh Amendment to the United States Constitution. Movants further request that the supplemental causes of action plead in the complaint be likewise dismissed.

The Court having reviewed the memoranda submitted by the parties as well as the applicable legal precedent hereby finds the request unwarranted on both counts.

CIVIL NO. 07-1362 (RLA)                                      **Page 2**

---

### Eleventh Amendment

The Eleventh Amendment to the United States Constitution[1] bars the commencement and prosecution in federal court of suits claiming damages brought against any state, including Puerto Rico, without its consent. <u>Fresenius Med. Care Cardiovascular Res., Inc. v. Puerto Rico and Caribbean Cardiovascular Ctr. Corp.</u>, 322 F.3d 56, 61 (1st Cir. 2003); <u>Futura Dev. v. Estado Libre Asociado</u>, 144 F.3d 7, 12-13 (1st Cir. 1998); <u>In re San Juan Dupont Plaza Hotel Fire Lit.</u>, 888 F.2d 940, 942 (1st Cir. 1989); <u>Ramírez v. P.R. Fire Serv.</u>, 715 F.2d 694, 697 (1st Cir. 1983); <u>Fernández v. Chardón</u>, 681 F.2d 42, 59 n.13 (1st Cir. 1982).

Eleventh Amendment immunity protection is extended to governmental entities which are deemed an arm or alter ego of the state. <u>Royal Caribbean Corp. v. Puerto Rico Ports Auth.</u>, 973 F.2d 8, 9-10 (1st Cir. 1992); <u>In re San Juan Dupont Plaza Hotel Fire Lit.</u>, 888 F.2d at 943-44.

Additionally, actions for damages filed against government officials in their official capacity are deemed actions against the state since the real party in interest is the government and not the

---

[1] The Eleventh Amendment provides:

> The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

official. Pennhurst St. Sch. & Hosp. v. Halderman, 465 U.S. 89, 101-102, 104 S.Ct. 900, 908-909, 79 L.Ed.2d 67, 79 (1984). Hence, Eleventh Amendment immunity applies in these cases even though the state has not been named in the suit. Hafer v. Melo, 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991). Suits against officers in their official capacity seeking monetary relief are tantamount to actions directly against the state. Will v. Mich. Dep't of St. Police, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Thus, no claims for damages may be asserted against a state agency or a state official acting in his official capacity in federal court under the Eleventh Amendment immunity. See, i.e., Destek Gp., Inc. v. St. of New Hampshire Pub. Utilities Com'n, 318 F.3d 32, 40 (1st Cir. 2003); Wang v. New Hampshire Bd. of Registration in Med., 55 F.3d 698, 700-701 (1st Cir. 1995).

Plaintiffs having failed to contest defendants' allegations, we deem the PR-PD to be an arm of the state and consequently, also immune from suit in the federal courts by virtue of the Eleventh Amendment.

It has been consistently held that in enacting Title VII Congress in effect abrogated the state's Eleventh Amendment immunity. Crumpacker v. Kansas Dep't of Human Res., 338 F.3d 1163, 1169 (10th Cir. 2003); Nanda v. Bd. of Trustees, 303 F.3d 817, 831 (7th Cir. 2002); Okruhlik v. Univ. of Arkansas, 255 F.3d 615, 627 (8th Cir. 2001; In re Employment Discrimination Litig., 198 F.3d 1305, 1324

**CIVIL NO. 07-1362 (RLA)**                                      **Page 4**

(11th Cir. 1999); <u>Torres-Santiago v. Alcaraz-Emmanuelli</u>, 553 F.Supp.2d 75, 82 (D.P.R. 2008).

Accordingly, we reject defendants' argument that Title VII claims against the COMMONWEALTH and the state agency are precluded by the sovereign immunity shield.

### Supplemental Claims

Defendants' argument on this particular point is straightforward: absent Title VII jurisdiction, the supplemental claims should be dismissed.

Apart from the fact that our ruling today has turned this request moot, it should also be noted that "[p]laintiff never claimed supplemental jurisdiction over the Commonwealth of Puerto Rico... [or] the Police Department of Puerto Rico."[2]

### Conclusion

Based on the foregoing, the Motion to Dismiss filed by the COMMONWEALTH and the PR-PD (docket No. **31**)[3] is hereby **DENIED**.

IT IS SO ORDERED.

San Juan, Puerto Rico, this 14th day of August, 2008.


                                    S/Raymond L. Acosta
                                    RAYMOND L. ACOSTA
                                 United States District Judge

---

[2]   Plaintiff's Opposition to Motion to Dismiss (docket No. 34) p. 13.

[3]   See Opposition to Motion to Dismiss (docket No. **34**).