IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

EDGARDO L. BIBILONI DEL VALLE,

    Plaintiff,

    v.

THE COMMONWEALTH OF PUERTO RICO, et al.,

    Defendants.

CIVIL NO. 07-1362 (RLA)

**ORDER IN THE MATTER OF MOTION TO DISMISS
FILED BY THE INDIVIDUAL DEFENDANTS**

ANGEL RIVERA GONZALEZ, GALO SEGARRA and MARIA DIAZ BAEZ, the individually-named defendants in these proceedings, have moved the Court to dismiss the claims asserted against them in these proceedings pursuant to the provisions of Rule 12(b)(6) Fed. R. Civ. P.

The Court having reviewed the memoranda filed by the parties as well as the pleadings on file hereby rules as follows.

**BACKGROUND**

This action was instituted by EDGARDO BIBILONI DEL VALLE against the COMMONWEALTH OF PUERTO RICO ("COMMONWEALTH"), the P.R. POLICE DEPARTMENT ("PR-PD") as well as the aforementioned individually-named defendants[1] alleging sexual harassment and retaliation under both

---

[1] The claims asserted against PEDRO TOLEDO DAVILA, RAMON A. ORTEGA RODRIGUEZ, VILMA FERNANDEZ BERMUDEZ, FRANCISCO QUIÑONES RIVERA and CARMEN T. LUGO SEMOLINO, the other individual defendants, were

**CIVIL NO. 07-1362 (RLA)**                                                        **Page 2**

federal and state legal provisions. Plaintiff asserts federal causes of action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, 2000e-3(a) (Title VII) as well as under 42 U.S.C. §§ 1983 and 1988 for breach of the due process and equal protection clauses of the United States Constitution.

Additionally, plaintiff claims violation of the Puerto Rico anti-discrimination statutes, Act No. 17 of April 22, 1988, P.R. Laws Ann. tit. 29 § 155 (2002) and 69 of July 6, 1985, as amended, P.R. Laws Ann. tit. 29, § 1321-1341 (2002) as well as the local tort provisions, arts. 1802 and 1803 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31 §§ 5141 and 5142 (1990) under our supplemental jurisdiction.

The request for dismissal raises the defense of qualified immunity; lack of supervisory liability; failure to state a claim under the Fifth Amendment; lack of individual liability under Title VII; failure to state a § 1983 cause of action as to codefendant ANGEL RIVERA GONZALEZ, and time bar. Additionally, movants petition that the supplemental claims be likewise dismissed.

**FACTUAL BACKGROUND**

According to the complaint, while employed as a janitor with the PR-PD plaintiff was the object of inappropriate touching and sexual harassment by a fellow janitor. This unwelcomed conduct was so severe

---

voluntarily dismissed by plaintiff. See Partial Judgment filed on November 13, 2007 (docket No. 12).

**CIVIL NO. 07-1362 (RLA)**                                                                 **Page 3**

and pervasive as to constitute a hostile work environment. Plaintiff further alleges that the harassment was known to his supervisors who failed to take any corrective action.

Plaintiff further alleges that he was terminated in retaliation for having complained of the sexually charged environment.

### RULE 12(b)(6) STANDARD

In disposing of motions to dismiss pursuant to Rule 12(b)(6) Fed. R. Civ. P. the court will accept all factual allegations as true and will make all reasonable inferences in plaintiff's favor. Frazier v. Fairhaven School Com., 276 F.3d 52, 56 (1st Cir. 2002); Alternative Energy, Inc. v. St. Paul Fire and Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001); Berezin v. Regency Sav. Bank, 234 F.3d 68, 70 (1st Cir. 2000); Tompkins v. United Healthcare of New England, Inc., 203 F.3d 90, 92 (1st Cir. 2000).

Our scope of review under this provision is a narrow one. Dismissal will only be granted if after having taken all well-pleaded allegations in the complaint as true, the court finds that plaintiff is not entitled to relief under any theory. Brown v. Hot, Sexy and Safer Prods., Inc., 68 F.3d 525, 530 (1st Cir. 1995) *cert. denied* 116 S.Ct. 1044 (1996); Vartanian v. Monsanto Co., 14 F.3d 697, 700 (1st Cir. 1994). Further, our role is to examine the complaint to determine whether plaintiff has adduced sufficient facts to state a cognizable cause of action. Alternative Energy, 267 F.3d at 36. The complaint will be dismissed if the court finds that under the facts

as pleaded plaintiff may not prevail on any possible theory. Berezin, 234 F.3d at 70; Tompkins, 203 F.3d at 93.

### QUALIFIED IMMUNITY

Qualified immunity shields officials from having to pay for damages resulting from violations of § 1983 provided certain particular circumstances are present. "The doctrine of qualified immunity 'provides a safe harbor for a wide range of mistaken judgments.'" Kauch v. Dep't for Children, Youth and Their Families, 321 F.3d 1, 4 (1st Cir. 2005) (citing Hatch v. Dep't for Children, Youth and Their Families, 274 F.3d 12, 19 (1st Cir. 2001)).

The court will follow a three-part inquiry in ascertaining whether or not a defendant is entitled to protection. Initially, the court will consider "whether the plaintiff's allegations, if true, establish a constitutional violation." Whalen v. Mass. Trial Court, 397 F.3d 19, 23 (1st Cir. 2005). If so, the court will proceed to determine "whether the right was clearly established at the time of the alleged violation." Id. "Finally, we ask whether a similarly situated reasonable official would have understood that the challenged action violated that right." Id.

Thus, "qualified immunity remains available to defendants who demonstrate that they acted objectively reasonably in applying clearly established law to the specific facts they faced." Burke v. Town of Walpole, 405 F.3d 66, 86 (1st Cir. 2005). In other words, whether "an objectively reasonable official in the defendants'

**CIVIL NO. 07-1362 (RLA)** **Page 5**

position would not necessarily have understood that his action violated plaintiff's rights". Whalen, 397 F.3d at 28.

Because qualified immunity is an affirmative defense it is defendant's burden to present evidence of its applicability. Dimarco-Zappa v. Cabanillas, 238 F.3d 25, 35 (1st Cir. 2001).

In support of their qualified immunity defense petitioners argue that they "**never** violated Plaintiff's Constitutional rights"[2] in that they timely and adequately investigated plaintiff's complaints. However, taking the well-pleaded allegations of the complaint as true as mandated by the motion to dismiss standard, this argument must be rejected. As part of the allegations contained in the pleading filed with the court, plaintiff specifically attacked the legitimacy of the aforementioned investigation and even charged MR. SEGARRA with having manipulated the evidence taken into consideration in the investigative process.[3]

Accordingly, we reject the qualified immunity defense raised in the motion currently before us.

### SUPERVISORY LIABILITY

The doctrine of *respondeat superior*, whereby liability is imposed on employers for the acts or omissions of their employees is

---

[2] Motion to Dismiss (docket 35) p. 5 (emphasis in original).

[3] In pertinent part, the Amended Complaint (docket No. 13) at ¶ 17 reads: "Mr Segarra contributed in (sic) the adulteration (sic) of the investigation... by giving false declarations and meeting with his personnel so that they would lie in their declarations."

**CIVIL NO. 07-1362 (RLA)**                                                                 **Page 6**

inapposite in actions brought under § 1983. "[O]nly those individuals who participated in the conduct that deprived the plaintiff of his rights can be held liable." Velez-Rivera v. Agosto-Alicea, 437 F.3d 145, 156 (1st Cir. 2006) (citation and internal quotation marks omitted). Supervisors will be held accountable under this provision solely "on the basis of [their] own acts or omissions". Barreto-Rivera v. Medina-Vargas, 168 F.3d 42, 48 (1st Cir. 1999); Diaz v. Martinez, 112 F.3d 1, 4 (1st Cir. 1997); Maldonado-Denis v. Castillo-Rodriguez, 23 F.3d 576, 581 (1st Cir. 1994); Gutierrez-Rodriguez v. Cartagena, 882 F.2d 553, 562 (1st Cir. 1989). "In § 1983 cases, supervisors are not automatically liable for the misconduct of those under their command. A [p]laintiff must show an affirmative link between the subordinate officer and the supervisor, whether through direct participation or through conduct that amounts to condonation or tacit authorization." Velez-Rivera, 437 F.3d at 156 (citation and internal quotation marks omitted). "Such liability can arise out of participation in a custom that leads to a violation of constitutional rights, or by acting with deliberate indifference to the constitutional rights of others." Diaz v. Martinez, 112 F.3d at 4 (citations omitted).

Defendants argue that the complaint is devoid of any allegations indicating that either GALO SEGARRA and/or MARIA DIAZ BAEZ, as supervisors, were personally involved in the actions charged in this

**CIVIL NO. 07-1362 (RLA)**                                                                 **Page 7**

suit. Our reading of the complaint shows a completely different scenario.

Plaintiff specifically alleged that GALO SEGARRA, his immediate supervisor, promoted the sexual harassment at issue and even instigated the harasser to engage in the sexually charged conduct. Additionally, plaintiff averred that the harassment was known to both MR. SEGARRA and MARIA DIAZ BAEZ, SEGARRA's supervisor, and that they failed to take any corrective measures. Further, MR. SEGARRA is accused with having tainted an investigation regarding the aforementioned conduct initiated in response to plaintiff's grievance.

Based on the foregoing, it is evident that the claims asserted against the supervisors in this suit are based specifically on their own acts or omissions. Hence, this argument is without merit.

## FIFTH AMENDMENT

It appearing that "[t]he Fifth Amendment [to the U.S. Constitution] applies only to violations of constitutional rights by the United States or a federal actor", Jones v. City of Jackson, 203 F.3d 875, 880 (5th Cir. 2000), the claims asserted under this provision in this case must be **DISMISSED** pursuant to defendants' request. Rather, the due process violations charged herein must be examined under the confines of the Fourteenth Amendment. *See*, Daniels v. Williams, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986).

## TITLE VII - INDIVIDUAL LIABILITY

Art. 703 of Title VII of the 1964 Civil Rights Act, as amended, makes it unlawful for an employer "to fail or refuse to hire... or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, sex, or national origin". 42 U.S.C. § 2000e-2(a)(1) (emphasis ours). The statute also prohibits retaliation for having participated in any proceeding related to Title VII or opposed any unlawful practice under Title VII, 42 U.S.C. § 2000e-3(a).

It has been held that the individually named defendants cannot be held liable since the scope of the statute is limited to employers of the alleged victim of discrimination. *See*, Thanongsinh v. Bd. of Educ. 462 F.3d 762, 772 (7th Cir. 2006); Lissau v. S. Food Serv., Inc., 159 F.3d 177, 181 (4th Cir. 1998); Gastineau v. Fleet Mortg. Corp., 137 F.3d 490, 493 (7th Cir. 1998); Olivo-González v. Teacher's Ret. Bd., 208 F.Supp.2d 163, 166 (D.P.R. 2002); Matos v. Ortiz v. Com. of Puerto Rico, 103 F.Supp.2d 59, 61 (D.P.R. 2000); Maldonado-Cordero v. AT&T, 73 F.Supp.2d 177, 184 (D.P.R. 1999); Canabal v. Aramark Corp., 48 F.Supp.2d 94, 96 (D.P.R. 1999); Santiago v. Floyd, 33 F.Supp.2d 99, 102 (D.P.R. 1998).

Based on the foregoing, the Title VII claims asserted against the named defendants in their personal capacity are hereby **DISMISSED**.

**CIVIL NO. 07-1362 (RLA)**                                                                 **Page 9**

### ANGEL RIVERA GONZALEZ - FAILURE TO STATE A § 1983 CLAIM

In order to prevail in a § 1983 claim plaintiff must bring forth evidence: (1) that defendant acted "under color of state law" and (2) deprivation of a federally protected right. Velez-Rivera, 437 F.3d at 151-52; Rogan v. City of Boston, 267 F.3d 24 (1st Cir. 2001); Dimarco-Zappa, 238 F.3d at 33; Collins v. Nuzzo, 244 F.3d 246 (1st Cir. 2001); Cruz-Erazo, 212 F.3d 617, 621 (1st Cir. 2000); Barreto-Rivera, 168 F.3d at 45.

"In general, section 1983 is not implicated unless a state actor's conduct occurs in the course of performing an actual or apparent duty of his office, or unless the conduct is such that the actor could not have behaved in that way but for the authority of his office." Martinez v. Colon, 54 F.3d 980, 986 (1st Cir. 1995). "[A] person acts under color of state law when he abuses the position given to him by the State." *Id*. (internal citation and quotation marks omitted). "Even though 'acting under color of law' includes 'acting under pretense of law' for purposes of a state action analysis, there can be no pretense if the challenged conduct is not related in some meaningful way either to the officer's governmental status or to the performance of his duties." *Id*. at 987.

Defendants argue that there is no indication in the complaint that ANGEL RIVERA GONZALEZ was acting under color of state law when the harassing conduct took place because MR. RIVERA GONZALEZ was merely a fellow janitor at the PR-PD at the time. However, regardless

**CIVIL NO. 07-1362 (RLA)**                                                    **Page 10**

of his position vis à vis plaintiff at work, the fact is that, *inter alios*, codefendant "physically harassed the plaintiff by touching him in his intimate parts"[4] during work hours while they were both employed at the PR-PD. We find this sufficient to find the necessary state action requirement.

Accordingly, the request to dismiss § 1983 claim asserted against ANGEL RIVERA GONZALEZ personally is hereby **DENIED**.

### TIMELINESS - § 1983

State law determines the limitations period applicable to actions filed under § 1983. Vistamar, Inc. v. Fagundo-Fagundo, 430 F.3d 66, 70 (1st Cir. 2005); González-Alvarez v. Rivero-Cubano, 426 F.3d 422, 425 (1st Cir. 2005); Rodríguez-García v. Municipality of Caguas, 354 F.3d 91, 96 (1st Cir. 2004).

In Puerto Rico, the one-year term used for actions sounding in tort as provided for in the Civil Code, P.R. Laws Ann. tit. 31, § 5298(2) (1990), has been found applicable to this provision. Villanueva-Méndez v. Nieves-Vázquez, 440 F.3d 11, 15 (1st Cir. 2006); González-Alvarez, 426 F.3d at 425; Rodríguez-García, 354 F.3d at 96; Ruiz-Sulsona v. Univ. of Puerto Rico, 334 F.3d 157, 159 (1st Cir. 2003). "One year means 365 days, or 366 days in a leap year." Carreras-Rosa v. Alves-Cruz, 127 F.3d 172, 173 (1st Cir. 1997).

"[T]he length of the limitations period, and closely related questions of tolling and application are to be governed by state

---

[4] Amended Complaint (docket No. 13) ¶ 16.

**CIVIL NO. 07-1362 (RLA)**                                             **Page 11**

law." Wilson v. Garcia, 471 U.S. 261, 269, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985); Poy v. Boutselis, 352 F.3d 479, 483 (1st Cir. 2003); Carreras-Rosa, 127 F.3d at 173.

Even though we apply the Puerto Rico limitations provision, federal law determines the accrual date of a § 1983 cause of action.[5] Nieves-Vega v. Ortiz-Quiñones, 443 F.3d 134, 136 (1st Cir. 2006); Rodríguez-Garcia, 354 F.3d at 96.

"[T]he time of accrual of a civil rights action is when the aggrieved party knows or has reason to know of the injury which is the basis for his action or when the facts supportive of a civil rights action are or should be apparent to a reasonably prudent person similarly situated." Rodríguez Narvaez v. Nazario, 895 F.2d 38, 42 n.5 (1st Cir. 1990). *See also,* Nieves-Vega 443 F.3d at 136; Villanueva-Méndez, 440 F.3d at 15; Vistamar, Inc., 430 F.3d at 70; González-Alvarez, 426 F.3d at 425; Rodríguez-Garcia, 354 F.3d at 97; Ruiz-Sulsona, 334 F.3d at 159. "The accrual period for a § 1983 action 'ordinarily starts when the plaintiff knows, or has reason to know, of the injury on which the action is based.'" Carreras-Rosa, 127 F.3d at 173 (*citing* Rivera-Muriente v. Agosto-Alicea, 959 F.2d

---

[5] Regardless on when the action accrues, Puerto Rico law will determine when the statute of limitations will begin to run. "[W]hen the federal court borrows the state statute of limitations, so too the date on which the limitations period starts to run should be determined by the state law defining the 'application' of the limitations period." Carreras-Rosa, 127 F.3d at 174. In Puerto Rico, the limitations period begins "on the day following the date of accrual." *Id*. at 175.

**CIVIL NO. 07-1362 (RLA)**                                                                 **Page 12**

349, 353 (1st cir. 1992)). "In determining the commencement of accrual, '[t]he first step... is to identify the actual injury of which the plaintiff complains.'" Vistamar, Inc., 430 F.3d at 70 (*citing* Guzmán-Rivera v. Rivera-Cruz, 29 F.3d 3, 5 (1st Cir. 1994)).

Defendants allege that the sexual harassment claims are time-barred because this suit was commenced on April 30, 2007, and plaintiff had previously complained of this conduct close to two years prior, in September 2005. However, no reference to the 2005 date appears in the Amended Complaint filed in this case which is the pleading we are bound to examine pursuant to Rule 12(b)(6).

Additionally, defendants argue that they were served with copy of the complaint after expiration of the limitations period which also renders the suit untimely.

Pursuant to P.R. Laws Ann. tit. 31, § 5303 (1990) one of the options available for tolling the aforementioned statute of limitations is by instituting judicial proceedings. The tolling takes effect by the mere filing of the complaint - without regard to service of process or the fact that the court may eventually be found to lack jurisdiction - and lasts until the judicial proceedings have finally concluded. Martínez Arcelay v. Peñagaricano, 145 D.P.R. 93 (1998); Agosto v. Municipio de Rio Grande, 143 D.P.R. 174 (1997); Durán-Cepeda v. Morales-Lebrón, 112 D.P.R. 623 (1982); Moa v. Commonwealth, 100 P.R.R. 572, 589 (1972).

Accordingly, this argument is without merit.

Lastly, movants contend that the original complaint, filed on April 30, 2007, did not include any claims against codefendants GALO SEGARRA or ANGEL RIVERA GONZALEZ for which reason the claims asserted against them are time-barred. However, in the initial pleading plaintiff did complain, *inter alios*, that GALO SEGARRA, as supervisor, "continued with his retaliation patterns against [him and]... promoted the sexual harassment between employees"[6] and that ANGEL RIVERA GONZALEZ "with his homosexual conduct was the principal cause in the hostile and offensive environment in the workplace and... caused the retaliation [complained of by plaintiff]."[7]

Accordingly, based on the limited scope of review allowed by Rule 12(b)(6) this request is **DENIED**.

### SUPPLEMENTAL JURISDICTION

It appearing that the federal causes of action remain outstanding, the request to dismiss the local claims asserted pursuant to our supplemental jurisdiction is hereby **DENIED**.

### CONCLUSION

Defendants' Motion to Dismiss (docket No. **35**)[8] is hereby granted only insofar as the dismissal of the Fifth Amendment claims as well as the Title VII claims asserted against individual defendants in their personal capacity.

---

[6] Complaint (docket No. #4) ¶ 22.

[7] Complaint (docket No. 4) ¶ 24.

[8] See Opposition (docket No. **34**).

**CIVIL NO. 07-1362 (RLA)**                                              **Page 14**

Judgment shall be entered accordingly.

IT IS SO ORDERED.

San Juan, Puerto Rico, this 14th day of August, 2008.

                                                S/Raymond L. Acosta
                                                RAYMOND L. ACOSTA
                                          United States District Judge